# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DUSHON NICHOLAS GREEN,

Petitioner,

v.

ROBERT LEGRAND, *et al.*,

Respondents.

Case No. 2:14-cv-01388-APG-NJK

**ORDER (1) DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL, (2) DENYING MOTION FOR STAY, AND (3) DENYING AS MOOT MOTION FOR RULING**

(Dkt. #28, #29, #33)

Nevada state prisoner Dushon Nicholas Green brings this § 2254 petition to challenge his 2007 Nevada state court conviction and sentence for sexual assault and related charges.[1] Green again moves for appointment of counsel,[2] requests that this case be stayed until counsel is appointed,[3] and requests a ruling on these motions.[4]

There is no constitutional right to counsel for a federal habeas corpus proceeding.[5] But the district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process or the petitioner has such limited education that he is incapable of fairly presenting his claims.[6] Green argues that respondents' dismissal arguments are "too extensive, complicated, and inaccurate" for him to respond without counsel and that his education is "very limited."[7]

---

[1] (*See* Dkt. #8.)

[2] (Dkt. #28.)

[3] (Dkt. #29.)

[4] (Dkt. #33.)

[5] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[6] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

[7] (Dkt. #29 at 1-2.)

1    I denied Green's first two requests for counsel because I found that the issues in this case are not so complex that denial of counsel would amount to a denial of due process, and because I found that Green's petition is well-written and sufficiently presents the issues that Green wishes to bring.[8] Green has given me no valid reason to depart from my previous findings, and I do not find that the arguments raised in respondents' 13-page motion to dismiss are so extensive or complicated to justify appointment of counsel.[9] I therefore deny Green's third request for court-appointed counsel and his motion for stay pending appointment of counsel.

IT IS THEREFORE ORDERED that Green's Renewed Motion for Appointment of Counsel **(Dkt. #28) is DENIED**, and Green's Motion to Stay Proceedings **(Dkt. #29) is DENIED.**

IT IS FURTHER ORDERED that Green's Motion for Ruling **(Dkt. #33) is DENIED as moot.**

DATED this 29th day of March, 2016.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE

---

[8] (Dkt. #7 at 1 (denying Green's first and second request for counsel, Dkt. #2, #4).)

[9] For example, respondents argue that Green's petition contains unexhausted claims. (Dkt. #14 at 6.) Exhaustion is raised in defense to many habeas petitions and does not require appointment of counsel.