# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUSHON N. GREEN,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

Case No. 2:14-cv-01388-APG-NJK

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    Petitioner has filed a motion for reconsideration of this Court's order of March 29, 2016, which denied petitioner's third motion for the appointment of counsel. (ECF No. 36).

    In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 1987). Reconsideration is reserved for instances where the Court changes its position based on the discovery of new evidence, when there is a subsequent change in the law, or when the Court committed a clear error that renders its decision manifestly unjust. *See McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

    In his motion for reconsideration, petitioner does not claim the discovery of new evidence or a change in the law regarding this Court's prior decision denying his request for the appointment of counsel. Petitioner has not shown that the denial of his request for counsel is manifestly unjust.

Petitioners have no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). This Court has repeatedly ruled that this case is not sufficiently complex to warrant the appointment of counsel and that petitioner is capable of putting forth his claims before the Court. Notably, petitioner had the skill and resources required to prepare a written response (opposition) to the pending motion to dismiss, which he filed on June 22, 2016. (ECF No. 39). Finally, in his most recent motion seeking counsel, petitioner claims that he lacks adequate access to the resources of the law library. (ECF No. 37, at p. 2). Petitioner's motion lacks the specificity to show that he is suffering actual prejudice due to the alleged shortcomings of the prison law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Moreover, petitioner's filing of a response to the motion to dismiss belies his claim that he is unable to respond to the motion due to complexity or the lack of law library resources. Petitioner's motion for reconsideration is without merit and is denied on that basis.

Lastly, respondents have filed a motion for an extension of time in which to file a reply in support of their pending motion to dismiss. (ECF No. 40). Respondents seek a 35-day enlargement of time, up to and including August 4, 2016, to file a reply. Having reviewed the motion and good cause appearing, respondents' motion is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 36) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion for an extension of time to file a reply (ECF No. 40) is **GRANTED.** Respondents' reply supporting the motion to dismiss shall be filed on or before **August 4, 2016.**

Dated: June 30, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE