# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUSHON N. GREEN,

     Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

     Respondents.

Case No. 2:14-cv-01388-APG-NJK

**ORDER**

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss certain grounds of the petition.  (ECF No. 14).

**I. Background**

     Pursuant to a jury verdict, petitioner was convicted of multiple counts of sexual assault and lewdness against seven different victims, two of whom were minors at the time of the incidents. Petitioner was found guilty of eleven counts of sexual assault, two counts of lewdness with a minor under the age of fourteen, and four counts of sexual assault with the use of a deadly weapon. (Exhibits 166, 167, 212).[1]  Petitioner was sentenced to multiple terms of life in prison.  (*Id.*).

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 15-26.

1    Petitioner appealed and raised three issues on direct appeal.  (Exhibits 172 & 205).

2  Petitioner challenged the state district court's denial of a motion to suppress DNA evidence and

3  latent fingerprint evidence that led to his arrest.  (Exhibit 205, at pp. 5-14).  Petitioner also argued

4  that the state district court abused its discretion by consolidating all the charges into a single trial.

5  (*Id.*, at pp. 14-19).  Petitioner also alleged a claim of cumulative error.  (*Id.*, at p. 19).

6    The Nevada Supreme Court affirmed petitioner's conviction.  (Exhibit 212).  The Nevada

7  Supreme Court found that the state district court did not err in denying the motion to suppress

8  because, although the State did not have a basis for collecting petitioner's DNA specimen at the

9  time, the collection of the sample was not done for investigative purposes with respect to the case.

10  (*Id.*, at pp. 3-7).  The Nevada Supreme Court found that the good faith exception to the exclusionary

11  rule applied and did not require suppression of the DNA evidence and the latent fingerprint

12  evidence.  (*Id.*, at pp. 3-7).  Next, although the Nevada Supreme Court found that the state district

13  court abused its discretion by consolidating all the charges into a single trial, it found that error to

14  be harmless because of the overwhelming evidence of petitioner's guilt demonstrated it was likely

15  that petitioner would have been convicted on all counts even if his trial was severed.  (*Id.*, at pp. 7-

16  10).  The Nevada Supreme Court denied relief on the cumulative error claim.  (*Id.*, at pp. 10-11).

17

18    Petitioner then filed a post-conviction habeas petition in state district court and sought the

19  appointment of counsel.  (Exhibits 214, 215, 218, 219).  The state district court granted the motion

20  for appointment of counsel and petitioner's counsel supplemented the petition with various claims

21  of ineffective assistance of counsel.  (Exhibits 246 & 258).  An evidentiary hearing was held on

22  petitioner's post-conviction habeas claims.  (Exhibit 260).  After the evidentiary hearing, the state

23  district court denied the petition.  (Exhibit 262).  Petitioner appealed.  (Exhibits 267 & 268).  On

24  appeal, petitioner raised the following issues: (1) counsel was ineffective for failing to further

25  investigate allegations of coercion between Las Vegas Metropolitan Police Department (LVMPD)

26  and the Department of Parole and Probation (DPP) with respect to the collection of petitioner's

27  DNA and that counsel was ineffective for failing to stipulate to the fact that DPP did not act in "bad

28  faith" when collecting a buccal swab from petitioner without lawful authority to do so (Exhibit 292,

1    at pp. 24-27; (2) counsel was ineffective for failing to call various unidentified witnesses at trial in

2    support of a theory that LVMPD framed petitioner as the perpetrator of a series of unsolved rapes

3    (Exhibit 292, at pp. 27-29); and (3) cumulative error denied petitioner the right to effective

4    assistance of counsel  (Exhibit 292, at p. 29).

5          The Nevada Supreme Court denied relief on the appeal of petitioner's post-judgment habeas

6    petition. (Exhibit 299).  The Court found that petitioner failed to establish that counsel's

7    performance was objectively unreasonable and that he suffered actual prejudice regarding the

8    related Fourth Amendment issue because counsel merely stipulated to the fact that he could not find

9    evidence of collusion between LVMPD and DPP, and petitioner failed to produce any reliable

10   evidence to the contrary.  (*Id.*, at pp. 2-3).  Second, the Court found that petitioner failed to show

11   counsel's performance was objectively unreasonable regarding the decision not to call witnesses in

12   support of a theory that petitioner was being framed, rather than attempting to attack other

13   weaknesses in the State's case, because that decision was a reasonable strategy decided upon after

14   thorough investigation of the case.  (*Id.*, at pp. 3-5).  Finally, the Court rejected the cumulative error

15   claim.  (*Id.*, at p. 5).  Specifically, the Court refused to consider any claims that petitioner did not

16   expressly articulate in his appellate briefs and that the two claims presented in petitioner's briefing

17   did not articulate any errors that could be cumulated.  (*Id.*).

18         Petitioner has filed a *pro se* federal habeas petition in the instant case that alleges twenty

19   grounds for relief. (ECF No. 8).  Respondents seek dismissal of certain grounds in the federal

20   petition. (ECF No. 14).  Petitioner has filed an opposition to the motion to dismiss.  (ECF No. 39).

21   Respondents have filed a reply.  (ECF No. 46).  By order filed October 6, 2016, the Court granted

22   petitioner's motion to file a surreply.  (ECF No. 52).  The Court granted petitioner 21 days in which

23   to file his surreply and granted respondents 14 days thereafter to file a surrebuttal.  (ECF No. 52).

24   Petitioner did not file a surreply.  As such, the Court deems the motion to dismiss as fully briefed.

25   **II. Discussion**

26         **A. Fourth Amendment Claims**

27         Respondents seek to dismiss any part of the petition that can be construed as a claim

28   alleging a substantive Fourth Amendment violation.  Where a state has provided a defendant with a

full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986).  The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

Nevada law provides a mechanism for filing a pretrial motion to suppress evidence seized in violation of the Fourth Amendment.  *See* NRS 179.085.  Petitioner filed a motion to suppress evidence obtained through the collection of his DNA and fingerprints, which he alleged violated his Fourth Amendment rights.  (Exhibit 23).  After the state district court denied the motion to suppress, petitioner pursued appellate relief on this issue, which the Nevada Supreme Court denied.  (Exhibits 27, 205, 212).  It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claims before the state courts.  To the extent that any part of the federal petition can be read as alleging a substantive Fourth Amendment violation, those allegations are precluded from review by this Court and are therefore dismissed.  *See Stone v. Powell,* 428 U.S. at 495; *Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981).

**B.  Grounds 19 & 20**

Respondents seek to dismiss Grounds 19 and 20 on the basis that they are conclusory and do not state claims for relief.  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground."  Rule 2(c) requires specific pleading of facts that, if proven to be true, would entitle the petitioner to federal habeas relief.  Claims based on conclusory allegations are not a sufficient basis for federal habeas

1    relief.  *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (acknowledging that notice pleading is

2    insufficient to satisfy the specific pleading requirement for federal habeas petitions).

3           Prisoner *pro se* pleadings are understandably given the benefit of liberal construction.

4    *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a federal court is not required to

5    construct legal arguments for a *pro se* petitioner.  *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.

6    1993).  A habeas corpus petition must state specific, particularized facts entitling the petitioner to

7    relief for each ground specified, with the factual portions of the petitioner sufficiently detailed to

8    enable the district court to determine, from the face of the petition, whether the petition merits

9    further review.  *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  A petition may be

10   summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently

11   frivolous or false."  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also Blackledge v.*

12   *Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations

13   unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the

14   record are wholly incredible.").

15          In Grounds 19 and 20 of the federal petition, petitioner incorporates by reference the claims

16   his appointed attorney made in the supplemental petitions that were filed in state court.  (ECF No.

17   8, at pp. 39, 41).  Respondents argue that because petitioner did not attach the supplemental

18   petitions to his federal petition, Grounds 19 and 20 should be dismissed for failing to specifically

19   plead a federal claim for relief.  It is permissible for *pro se* petitioners to incorporate claims by

20   reference when the petition includes specific references to a document that is attached to the federal

21   petition.  *Dye v. Hofbauer*, 546 U.S. 1 (2005) (per curium) (applying Fed. R. Civ. P. 10(c) in habeas

22   proceeding).  However, there is no authority permitting a federal habeas petitioner to incorporate

23   claims from documents not attached to the petition.  In this case, petitioner did not attach the

24   supplemental state petitions to his federal petition.  (ECF No. 8).  Petitioner's failure to attach the

25   supplemental state petitions to his federal petition means that petitioner failed to present the Court

26   with facts that, if proven to be true, would establish that petitioner is entitled to relief on those

27   grounds.  Thus, Grounds 19 and 20 are conclusory and must be dismissed without prejudice.

28   / / / / / / / / / /

**C.  Unexhausted Claims**

**1.  Grounds 1-18**

Respondents contend that the claims of ineffective assistance of appellate counsel in Grounds 1-18 of the federal petition are not exhausted.  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts.  To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court.  *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.  *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.  *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In Grounds 1 through 18, petitioner incorporates claims that his trial counsel were ineffective in a variety of ways, as set forth in the habeas petition that was filed in state court.  (ECF No. 8, at pp. 3-37; Exhibit 214).  Additionally, in Grounds 1 through 18 of the federal petition, petitioner alleges that his appellate attorney was ineffective on direct appeal for failing to raise the claim incorporated into those grounds for relief during petitioner's direct appeal.  (ECF No. 8, at pp. 3-37).  Respondents argue that petitioner did not present the Nevada Supreme Court with any claims that his counsel on direct appeal was ineffective.  The record indicates that, in the opening brief on appeal from the denial of his state habeas petition, petitioner did not include any arguments that his counsel on direct appeal was ineffective.  (Exhibit 292, at pp. 24-29).  At the end of petitioner's "Statement of Relevant Facts" in the opening brief, petitioner alleges that his appellate attorney, Martin Hart, "failed to cite authority for the proposition that an evidentiary hearing should have been ordered" with respect to the claim that the state district court improperly denied his

motion to suppress DNA and latent fingerprint evidence.  (Exhibit 292, at pp. 23-24).  In a footnote in its order of affirmance, the Nevada Supreme Court addressed petitioner's allegations as potentially raising a claim that appellate counsel was ineffective: "To the extent that appellant argues that his appellate counsel, Mr. Martin Hart, was ineffective to for failing to provide authority for an argument that an evidentiary hearing should have been conducted on the motion to suppress and motion to reconsider, appellant fails to demonstrate his appellate counsel was ineffective." (Exhibit 299, at pp. 3-4, n.2).  The fact that the Nevada Supreme Court addressed the merits of the claim that appellate counsel was ineffective for failing to cite authority addressing the need for an evidentiary hearing on the motion to suppress is sufficient to exhaust such a claim.  *See, e.g. Chambers v. McDaniel*, 549 F.3d 1191, 1195-96 (9th Cir. 2008) (petitioner exhausted claims even though state supreme court denied the petition by stating simply that the petition and documents filed were considered).  However, Grounds 1 through 18 of the federal petition do not present a claim that counsel was ineffective for failing to cite authority addressing the need for an evidentiary hearing on the motion to suppress.  (ECF No. 8).  Because each theory of ineffective assistance of counsel must be individually presented to the Nevada Supreme Court, but were not, the allegations of ineffective assistance of appellate counsel in Grounds 1 through 18 of the federal petition were not fairly presented to the Nevada Supreme Court.  *Kelly v. Small*, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003) (ineffective assistance of counsel claims must be exhausted individually).  Accordingly, the claims of ineffective assistance of appellate counsel in Grounds 1-18 of the federal petition are not exhausted.

### 2.  Ground 3

Respondents argue that Ground 3 of the federal petition is unexhausted because the claim was not federalized in the state proceedings.

A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit by either referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  *Castillo v. McFadden*, 399 F.3d 993, 999; *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), as modified

by 247 F.3d 904 (9th Cir. 2001).  "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."  *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005).  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.  *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  If a petitioner cites a state case that analyses a federal constitutional issue, that federal issue is fairly presented.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).  A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone.  *Gray v. Netherland*, 518 U.S. 152, 163 (1996).  In order to present the substance of a claim to the state court, petitioner must reference the specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief.  *Gray*, 518 U.S. at 162-63.

Ground 3 of the federal petition is a claim that challenges the consolidation of all the charges against petitioner as a violation of the Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution.  (ECF No. 8, at p. 7).  Petitioner presented a similar claim on direct appeal under state law principles.  Petitioner's claim, as set forth in the opening brief, was based on state law, as petitioner cited to Nevada cases and statutes.  (Exhibit 205, at pp. 14-19).  The Nevada Supreme Court addressed the claim as a state law issue, citing only Nevada state cases and statutes.  (Exhibit 212, at pp. 7-10).  Petitioner failed to present Ground 3 as a federal issue when litigating it in state court, thus, petitioner failed to fairly present Ground 3 to the Nevada Supreme Court.  Accordingly, Ground 3 of the federal petition is unexhausted.

### 3.  Grounds 19 & 20

In Ground 19, petitioner incorporates claims raised in the first supplemental habeas petition filed in the state district court.  (ECF No. 8, at p. 39; Exhibit 246).  With the exception of two claims, petitioner did not present these claims to the Nevada Supreme Court in his opening brief.  (Exhibit 292).  The Nevada Supreme Court declined to consider any claims raised in the state district court that were not presented in petitioner's opening brief.  (Exhibit 299, at p. 5).  The two claims raised in the opening brief are as follows: (1) a claim that counsel inadequately investigated the relationship between LVMPD and the Department of Parole and probation, and that counsel

1   conceded that petitioner's probation officer did not act in bad faith when taking his DNA sample;

2   and (2) a claim that counsel was ineffective for failing to present defense witnesses for the purpose

3   of establishing his theory that he was being "framed" by LVMPD.  (Exhibit 292, at pp. 24-29).

4   Those two claims are exhausted, but the remainder of Ground 19 is unexhausted.

5          In Ground 20, petitioner incorporates claims raised in the second supplemental habeas

6   petition.  (ECF No. 8, at p. 41; Exhibit 258).  The second supplemental habeas petition contained

7   two claims: (1) that counsel was ineffective for failing to move for dismissal of one of the sexual

8   assault counts under the statute of limitations; and (2) that counsel was ineffective for failing to

9   argue that petitioner's probation officer acted with bad faith when taking petitioner's DNA sample.

10  (Exhibit 258).  Petitioner did not present the first of those two claims to the Nevada Supreme Court

11  in his opening brief.  (Exhibit 292).  The Nevada Supreme Court declined to consider any claims

12  raised in the state district court that were not presented in petitioner's opening brief.  (Exhibit 299,

13  at p. 5).  Accordingly, in Ground 20 the claim that counsel was ineffective for failing to move for

14  dismissal of one of the sexual assault counts under the statute of limitations is unexhausted.  The

15  claim that counsel was ineffective for failing to argue that petitioner's probation officer acted with

16  bad faith when taking petitioner's DNA sample is exhausted.

### 4. Petitioner's Options Regarding Unexhausted Claims

18         A federal court may not entertain a habeas petition unless the petitioner has exhausted

19  available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*,

20  455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is

21  subject to dismissal.  *Id.*  In the instant case, the Court finds that part or all of Grounds 1-20 of the

22  federal petition are unexhausted, but some claims appear to be exhausted.  Because the Court finds

23  that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner

24  has these options:

25         1.      He may submit a sworn declaration voluntarily abandoning the unexhausted
               claims in his federal habeas petition, and proceed only on the exhausted
26             claim;

27         2.      He may return to state court to exhaust his unexhausted claims, in which case
               his federal habeas petition will be denied without prejudice; or

28

3.    He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED**, as follows:

1. To the extent that any part of the federal petition can be read as alleging a substantive Fourth Amendment violation, those allegations are **DISMISSED WITH PREJUDICE.**

2. Grounds 19 & 20 of the federal petition are **DISMISSED WITHOUT PREJUDICE** for failing to state a cognizable federal habeas claim.

3. Grounds 1-20 of the federal petition are unexhausted, in part or whole, as specified in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

1    **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

2    respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

3    abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer

4    shall contain all substantive and procedural arguments as to all surviving grounds of the petition,

5    and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District

6    Courts under 28 U.S.C. §2254.

7    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service

8    of respondents' answer in which to file a reply.

9    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

10   permitted, this case may be dismissed.

11   Dated this 13th day of February, 2017.

12

13   _____

14   ANDREW P. GORDON
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28