**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DUSHON NICHALOS GREEN,

              Petitioner,

    v.

WARDEN GARRETT, et al.,

              Respondents.

Case No. 2:14-cv-01388-APG-NJK

**ORDER**

On May 15, 2017, this case was administratively closed while Petitioner Dushon Nichalos Green exhausted his unexhausted claims in state court. ECF No. 62.  Green completed his state-court proceedings and filed a new federal habeas petition.[1]  The court construed the new federal habeas petition as a request to reopen this habeas case and file an amended petition. ECF No. 68. As instructed, the Clerk of Court reopened this case, filed the new federal habeas petition in this case, and designated it as Green's first amended petition. ECF No. 69.

I THEREFORE ORDER:

1. Respondents have until December 6, 2021, to answer or otherwise respond to the first amended petition for writ of habeas corpus (ECF No. 69), including any motion to dismiss.

2. Petitioner will then have 60 days from the date of service of an answer to file a reply brief. However, the response and reply time to any motion filed by either party, including a motion filed instead of a pleading, will be governed by Local Rule 7-2(b).

3. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver.  Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard

---

[1] *See Green v. Garrett*, Case No. 3:21-cv-00078-MMD-CLB.

for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

4. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

5. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

6. All state court records and exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

7. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: October 7, 2021

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE