UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSHON N. GREEN,<br><br>       Petitioner,<br><br>vs.<br><br>TIM GARRETT,[1]  et al.,<br><br>       Respondents. | Case No. 2:14-cv-001388-APG-NJK<br><br>**ORDER** |

The respondents move to dismiss the *pro se* first amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 as either untimely or because the grounds alleged in the petition are incognizable, conclusory, and procedurally defaulted. ECF No. 75.  Petitioner Dushon Green filed a motion to proceed. ECF No. 77.  The best course of action is to appoint counsel, allow a counseled second amended petition, and decide the issues after that. 18 U.S.C. § 3006A(a)(2)(B).  Accordingly, I will deny both motions.

I.   **Background**

   **A. Trial, Direct Appeal, and Initial State Postconviction Proceedings**

A jury convicted Green of 11 counts of sexual assault, two counts of lewdness with a child under the age of 14, two counts of sexual assault with a minor under the age of 14, and four counts of sexual assault with use of a deadly weapon, for which he was sentenced to multiple terms of life imprisonment. Ex. 335 and ECF No. 76-34 at 3-4.  The Supreme Court of Nevada affirmed the judgment on direct appeal. Ex. 212 and ECF No. 23-12.  Green filed a *pro se* state postconviction habeas petition in the state district court raising, *inter alia*, 18 issues for relief, including ineffective assistance of trial and appellate counsel. Ex. 214 and ECF No. 23-14 at 10–14.  Appointed post-conviction counsel filed supplemental petitions, which included ineffective assistance of trial and appellate counsel claims. Ex. 246 and ECF No. 24-21 at 26–40; Ex. 258

---

[1] According to the state corrections department's inmate locator page, Green is incarcerated at Lovelock Correctional Center. The department's website reflects Tim Garrett is the warden for that facility. At the end of this order, I direct the clerk to substitute Tim Garrett for respondent Warden Garrett, under, *inter alia*, Rule 25(d) of the Federal Rules of Civil Procedure.

1

and ECF No. 25-8 at 3–5.  The state district court denied the petition following an evidentiary hearing. Ex. 262 and ECF No. 25-12.  The Supreme Court of Nevada affirmed on appeal. Ex. 299 and ECF No. 26-24.

### B. Initial Federal Habeas Corpus Proceedings and Stay and Abeyance

On August 25, 2014, Green filed an initial *pro se* federal habeas petition alleging 20 grounds for relief including ineffective assistance of trial and appellate counsel. ECF No. 1.  I denied Green's two motions for appointment of counsel as unnecessary because the initial petition was well-written and sufficiently clear in presenting the issues, and the case was not complex. ECF No. 7.  Additional requests for appointment of counsel were also denied. ECF Nos. 35; 41.

The respondents moved to dismiss the petition, which I granted in part by dismissing with prejudice "[a]ny part of the petition" that could be read as "alleging a substantial Fourth Amendment violation." ECF Nos. 14; 56 at 3–4, 10.  I dismissed without prejudice grounds 19 and 20 for failing to state a cognizable federal habeas claim, and I found certain claims, including ineffective assistance of appellate counsel, contained in grounds 1-20 were unexhausted. ECF No. 56.

On May 15, 2017, I granted Green's motion for stay and abeyance for purposes of returning to state court to exhaust the unexhausted claims (ECF No. 57). ECF No. 62.  The stay was conditioned upon Green filing a state post-conviction petition within 45 days and his return to federal court with a motion to reopen the instant case within 45 days of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings. ECF No. 62 at 3.  I later granted Green's request for a 30-day extension of time to file his state post-conviction petition. ECF No. 65.

### C. State Court Proceedings During Stay and Abeyance

On August 3, 2017, Green filed a second post-conviction petition for a writ of habeas corpus in the state district court. Ex. 303 and ECF No. 76-2.  The state district court denied the petition as untimely and successive. Ex. 312 and ECF No. 76-11.  The Nevada Court of Appeals affirmed the denial and the Supreme Court of Nevada issued remittitur on March 21, 2019. Ex.

323 and ECF No. 76-22; Ex. 324 and ECF No. 76-23.

On March 26, 2019, Green filed a motion to correct an illegal sentence in the state district court, but the motion was denied. Ex. 325 and ECF No. 76-24; Ex. 329 and ECF No. 76-28.  The Nevada Court of Appeals affirmed the denial but remanded for the limited purpose of correcting a clerical error in the initial judgment that mistakenly omitted Green's conviction for Count 3. Ex. 334 and ECF No. 76-33.  On remand, the state district court filed an amended judgment of conviction—*nunc pro tunc*. Ex. 335 and ECF No. 76-34.  The Supreme Court of Nevada subsequently dismissed Green's appeal from the amended judgment, denied rehearing, and issued remittitur on November 24, 2020. Ex. 339 and ECF No. 76-38; Ex. 341 and ECF No. 76-40; Ex. 342 and ECF No. 76-41.

  **D.**  **Reopening of Federal Proceedings**

Green returned to federal court on February 10, 2021, by opening a new case ("the second proceeding") in which he filed a new habeas petition under 28 U.S.C. § 2254, an in forma pauperis (IFP) application, and a motion for appointment of counsel.[2] ECF No. 68.  The IFP application was granted, but the motion for appointment of counsel was denied without prejudice. *Id.* at 3–4.  The petition filed in the second proceeding was construed as a request to reopen the instant proceeding, that petition was designated the operative "First Amended Petition for Writ of Habeas Corpus," and the two proceedings were consolidated. *Id.* at 3–5.

The respondents moved to dismiss, leads to this order.

**II.**  **DISCUSSION**

  **A.**  **Appointment of Counsel**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  A district court has discretion to appoint counsel when it determines the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). *See also Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993) (holding that declining to appoint counsel may constitute an abuse of discretion if due process violations will

---

[2] The second case number is 3:21-cv-00078-MMD-CLB.

3

occur absent representation) (citing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986)).

In the motion to dismiss the first amended petition (ECF No. 75), the respondents point out the "lengthy and involved history" of this case and characterize the first amended petition as "unintelligible," "excessively verbose and confusing" making it difficult for the respondents to cogently address the allegations, and further stated portions of the petition were "convoluted and confusing" and "not capable of being intelligently responded to." ECF No. 75 at 1, 3, 6, 8, 9. As the respondents point out, the first amended petition and accompanying exhibits include 2124 pages. *See* ECF Nos. 69–69-3. In the motion to dismiss, the respondents suggest that I "should direct petitioner to file an amended petition that more clearly outlines his allegations." ECF No. 75 at 6–7. I agree and further find the first amended petition presents a complex set of circumstances such that the interests of justice warrant appointment of counsel.

### B. Motion to Dismiss

Because I will appoint counsel to file a second amended petition, I will deny the respondents' motion to dismiss without prejudice to file a new motion following the filing of a counseled second amended petition.

### C. Motion to Proceed

Green's motion to proceed, alleging the respondents failed to file an answer or otherwise respond to the first amended petition by the February 4, 2022 deadline, is denied as baseless and moot.

### III. CONCLUSION

I THEREFORE ORDER that:

1. The respondents' motion to dismiss (**ECF No. 75**) is **DENIED** without prejudice;
2. Green's motion to proceed (**ECF No. 77**) is **DENIED**;
3. Counsel shall be appointed to represent Green in all proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw;
4. The Federal Public Defender shall be provisionally appointed as counsel and shall have 30 days to either undertake representation of Green or indicate an inability to do so. If the Federal Public Defender is unable to represent Green then I will appoint

alternate counsel. A deadline for the filing of a second amended petition or other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 120 days from the entry of the formal order of appointment. Any deadline established or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Green at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013);

5. The Clerk accordingly shall SEND a copy of this order, over and above the electronic notice to the respondents, Green, the Federal Public Defender, and the CJA Coordinator for this Division; and

6. The Clerk of Court is directed to substitute Tim Garrett for the respondent Warden Garrett.

DATED this 15th day of July 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE