UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dushon Nichalos Green,

    Petitioner

v.

Tim Garrett, et al.,

    Respondents

Case No. 2:14-cv-01388-APG-NJK

**ORDER**

In this habeas corpus action, I appointed counsel for the petitioner Dushon Nichalos Green. ECF No. 83. The Federal Public Defender for the District of Nevada appeared on Green's behalf on August 12, 2022. ECF No. 84. The respondents have also appeared. ECF No. 9.

**I THEREFORE ORDER:**

1. The Federal Public Defender, through C.B. Kirschner, is appointed as counsel for the petitioner Dushon Nichalos Green under 18 U.SC. § 3006A(a)(2)(B). Counsel will represent Green in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. If necessary, Green must file a second amended petition for writ of habeas corpus within 120 days after entry of this Order. The second amended petition must specifically state whether each ground for relief has been exhausted in state court. For each claim that has been exhausted in state court, the second amended petition must state how, when, and where, the claim was exhausted. If Green determines that

a second amended petition need not be filed, then, within 120 days after entry of this Order, Green must file a notice to that effect.

3. The respondents will have 60 days following the filing of the second amended petition to file an answer or other response to the second amended petition. If Green does not file a second amended petition, the respondents will have 60 days following the due date for the second amended petition to file an answer or other response to the first amended petition. In any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

4. Green will have 30 days following the filing of an answer to file a reply. The respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

5. If the respondents file a motion to dismiss, Green will have 60 days following the filing of the motion to dismiss to file a response to that motion. The respondents will thereafter have 30 days following the filing of the response to file a reply.

6. If Green wishes to move for leave to conduct discovery, Green must file such motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the respondents' answer. Any motion for leave to conduct discovery filed by Green before that time may be considered premature, and may be denied, without prejudice, on that basis. The respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Green's reply. Thereafter, Green will have 20 days to file a reply in support of the motion for leave to conduct discovery.

7. If Green wishes to request an evidentiary hearing, Green must file a motion for an evidentiary hearing concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the respondents' answer. Any motion for an evidentiary hearing filed by Green before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Green files a motion for an evidentiary hearing, the respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Green's reply. Thereafter, Green will have 20 days to file a reply in support of the motion for an evidentiary hearing.

8. All procedural defenses raised by the respondents, including exhaustion, must be raised in a single consolidated motion to dismiss. I do not wish to address any procedural defenses in seriatim fashion in multiple successive motions to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their

argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

9. The parties must redact personal-data identifiers in all documents filed with the Court as required by LR IC 6. Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and must be filed with a separate index of exhibits identifying the exhibits by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—i.e., the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). Paper copies of any exhibits over 50 pages—for this case—must be appropriately bound, tabbed, and delivered to the Las Vegas Clerk's office. *See* LR IA 10-3(i); LR IC 2-2(g). Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

Dated: September 22, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE