# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DUSHON NICHALOS GREEN,

                   Petitioner,

v.

NETHANJAH BREITENBACH,[1] et al.,

                   Respondents.

Case No. 2:14-cv-01388-APG-NJK

**Order Denying Motion for Reconsideration and Granting Motion to Dismiss**

[ECF Nos. 96, 100]

Dushon Nichalos Green, a Nevada prisoner, has filed a counseled Second-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 95.  There are two motions pending.  First, Green moved for reconsideration of a previous order. ECF No. 96. Second, the respondents moved to dismiss the Second-Amended Petition. ECF No. 100.  For the reasons discussed below, I deny the motion for reconsideration and grant the motion to dismiss.

## I.  PROCEDURAL HISTORY

A jury found Green guilty of ten counts of sexual assault, two counts of lewdness with a child under the age of 14 years, two counts of sexual assault with a minor under the age of 14 years, and four counts of sexual assault with the use of a deadly weapon. ECF No. 21-16.  Green is serving an aggregate sentence of life in prison with the possibility of parole after 150 years. *Id*. Green appealed, and the Supreme Court of Nevada affirmed on July 31, 2009. ECF No. 23-12.

---

[1]The state corrections department's inmate locator page shows that Green is incarcerated at Lovelock Correctional Center.  Nethanjah Breitenbach is the current warden for that facility. Accordingly, at the end of this Order, I kindly request the Clerk of Court to substitute Nethanjah Breitenbach for respondent Tim Garrett. *See* Fed. R. Civ. P. 25(d).

Green filed a state post-conviction petition on April 6, 2010. ECF No. 23-14.  The state district court denied Green post-conviction relief on August 22, 2012. ECF No. 24-12.  Green appealed, and the Supreme Court of Nevada affirmed on May 13, 2014. ECF No. 26-24.

Green commenced this action on August 25, 2014, by filing a *pro se* federal habeas petition. ECF No. 1.  The respondents moved to dismiss Green's *pro se* petition. ECF No. 14. On February 13, 2017, I granted the motion, in part, (1) dismissing with prejudice "any part of the federal petition [that] can be read as alleging a substantive Fourth Amendment violation," (2) dismissing grounds 19 and 20 without prejudice, and (3) finding that grounds 1-20 were unexhausted. ECF No. 56.  Green moved for a stay, which I granted. ECF Nos. 57, 62.

Green filed a second state post-conviction petition on August 3, 2017. ECF No. 76-2. The state district court denied Green's petition on January 18, 2018. ECF No. 76-10.  Green appealed, and the Nevada Court of Appeals affirmed on February 14, 2019. ECF No. 76-22.

Green moved to correct his illegal sentence on March 26, 2019. ECF No. 76-24.  The state district court denied the motion on June 10, 2019. ECF No. 76-28.  Green appealed, and on January 30, 2020, the Nevada Court of Appeals affirmed but issued a limited remand for the district court to correct a clerical error in the judgment of conviction. ECF No. 76-33.  The district court issued an amended judgment of conviction on February 10, 2020. ECF No. 76-34.

On June 30, 2021, this court reopened this matter, and Green filed a *pro se* first-amended petition. ECF Nos. 68, 69.  The respondents moved to dismiss the first-amended petition. ECF No. 75.  I denied the motion to dismiss without prejudice and appointed counsel for Green. ECF No. 83.  Green filed his counseled Second-Amended Petition on October 17, 2023. ECF No. 95. Green raises the following grounds for relief in his Second-Amended Petition: (1) his DNA was

collected without any lawful basis, (2) his trial counsel stipulated to a harmful fact, and (3) the trial court failed to sever his cases. *Id*.

## II.    LEGAL STANDARDS

### A.    Fourth Amendment claims

Federal courts are barred from considering a petitioner's Fourth Amendment claims alleging illegal search or seizure "if he had a 'full and fair opportunity' to litigate his Fourth Amendment claims in the state courts." *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (citing *Stone v. Powell*, 428 U.S. 465, 481 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial")).  This doctrine applies "whether or not [the claims] were actually adjudicated on the merits and whether or not they involved an unreasonable application of Supreme Court law or unreasonable determination of the facts." *Id*. at 878.  Thus, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

### B.    Exhaustion

A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To

fully and fairly present a claim, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

## III.    DISCUSSION

In his motion for reconsideration, Green requests that this court reconsider its February 13, 2017, Order dismissing his Fourth Amendment claim with prejudice. ECF No. 96.  The respondents oppose Green's motion, arguing that Green's Fourth Amendment claim—ground 1 of his Second-Amended Petition—is barred. ECF No. 100.  Additionally, the respondents assert that ground 3 is unexhausted. *Id*.  I address these arguments in turn.

### A.    Ground 1

In ground 1, Green alleges that his right to be free from unreasonable searches and seizures was violated when his DNA was collected by his Parole and Probate (P&P) officer for an unrelated offense without a lawful basis. ECF No. 95 at 10.  Green explains that prior to the illegal collection of his DNA, there was no connection between him and any of the sexual assault cases that he was charged with in the instant matter. *Id*. at 11.

When I dismissed Green's original petition, I held that "[t]o the extent that any part of the federal petition can be read as alleging a substantive Fourth Amendment violation, those allegations are precluded from review by this Court and are therefore dismissed." ECF No. 56 at 4 (citing *Stone*, 428 U.S. at 495).  Green contends that I should reconsider this ruling because,

under *Stone*, he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court because the state court never afforded him an evidentiary hearing on the suppression issue. ECF No. 96 at 5.

The Court of Appeals for the Ninth Circuit considered the requisites for a full and fair opportunity to litigate a Fourth Amendment claim in *Mack v. Cupp*. Using *Townsend v. Sain* as a guide, the Court of Appeals for the Ninth Circuit explained that a state hearing is not full and fair if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Mack v. Cupp*, 564 F.2d 898, 900–01 (9th Cir. 1977) (quoting *Townsend v. Sain*, 372 U.S. 293 (1963)). The court cautioned, however, that:

> [a]lthough we think that the *Townsend* test must be given great weight in defining what constitutes full and fair consideration under *Stone*, we do not believe that it must always be applied literally . . . as the sole measure of fullness and fairness. *Townsend* was concerned with the accuracy of the state's decision making, a consideration that is not relevant to the mandate of *Stone v. Powell*.

*Id.* at 901.

Here, Green moved to suppress the DNA evidence. ECF No. 15-23. At the oral argument on the motion, Green's trial counsel stipulated that Green's DNA was taken as part of P&P's administrative function, not at the request of law enforcement, and counsel agreed that an evidentiary hearing was not needed because the motion turned on "a question of law" only. ECF

No. 16-1 at 3.  Thereafter, the state court denied the motion to suppress based on the good faith exception. ECF No. 16-2.  However, the state court explained that "if it came to light that . . . the detectives contacted P&P in some manner and tried to obtain this sample for . . . purposes of an investigation . . . , that might change things."  ECF No. 16-1 at 9.

Two years later, Green moved for reconsideration regarding the suppression of the DNA evidence, explaining that a police officer's report was obtained through discovery, which indicated that one of 31 investigative leads that was followed was: "files of all sex offenders currently on parole or probation [were] reviewed over at the parole and probation [office] along with briefings to them for potential suspects." ECF Nos. 20-5 at 6; 20-17 at 11.  The prosecution opposed the motion to reconsider and submitted an affidavit from a P&P supervisor saying that he wrongly believed Green's DNA was supposed to be collected based on his other conviction and that it was not collected on behalf of law enforcement. ECF No. 20-11 at 11.  An oral argument was held on the motion for reconsideration, and the court denied Green's request for an evidentiary hearing to further explore the connection between law enforcement and P&P. ECF No 20-18 at 11.  The state court explained that (1) an evidentiary hearing was previously waived, (2) Green's prior trial counsel had previously taken the position that "the taking of the DNA sample wasn't intentional, it wasn't on behalf of or at the behest of any . . . detective," (3) the caselaw did not require an evidentiary hearing "without a threshold showing of some connection or nexus between the illegal search and the subsequent prosecution," (4) there was not a sufficient showing of a change in circumstance from 2005 to warrant the need for an evidentiary hearing, and (5) Green did not present "anything beyond a negligent or inadvertent act by the Parole and Probation officer to take the sample," so the good faith exception still applied. *Id*. at 11–13.

Following his trial, Green raised this issue in his direct appeal, and the Supreme Court of Nevada reviewed the issue before denying Green's appeal. ECF No. 23-12 at 4–7.

Although the state court denied Green's request for an evidentiary hearing on his motion for reconsideration, Green fails to demonstrate that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court under *Stone*. Indeed, Green's motion to suppress was briefed and argued, Green's motion for reconsideration was briefed and argued, and Green's appeal to the Supreme Court of Nevada was briefed and thoroughly considered. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178–79 (9th Cir. 1990) (noting that the opportunity for full and fair litigation "also consider[s] the extent to which the claims were briefed before and considered by the state trial and appellate courts"); *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981) (finding that the petitioner was afforded an opportunity for full and fair litigation, in part, because "[t]he opinion of the Arizona Court of Appeals is four pages long, and it clearly indicates that appellant's contentions were carefully considered and squarely rejected").

Although Green never received an evidentiary hearing on his suppression issue, as the state court explained at the hearing on his motion for reconsideration, an evidentiary hearing had been previously waived by Green and was unwarranted given that Green failed to demonstrate a sufficient change in circumstances from 2005. Green had shown only that law enforcement had generally contacted P&P as part of their larger investigation, not that law enforcement instructed P&P in any way to dishonestly collect Green's DNA. *See Mack*, 564 F.2d at 901 (finding that the petitioner was afforded an opportunity for full and fair litigation even though the state court refused to hold an evidentiary hearing, explaining, in part, that "the opportunity to litigate is broader than the evidentiary hearing"); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983)

(finding that the petitioner had not been denied a full and fair hearing simply because the state court relied on evidence outside of an evidentiary hearing).

Ground 1 is dismissed with prejudice under *Stone*.

**B.      Ground 3**

In ground 3, Green alleges that his right to due process was violated when the trial court failed to sever his case for trial. ECF No. 95 at 19.  The respondents argue that Green failed to exhaust ground 3 as a federal claim, explaining that his direct appeal only raised the severance issue under Nevada law. ECF No. 100 at 9–11.  Green replies that (1) ground 3 was clearly identified in his direct appeal to the Supreme Court of Nevada as a due process claim, which is equally protected under state and federal law, and (2) the state and federal standards for analyzing prejudice from improper joinder are the same. ECF No. 108 at 10.

It is true that Green referenced due process in the title of his claim in his opening brief on direct appeal to the Supreme Court of Nevada: "Failure to sever the counts/cases violated [his] right to due process." ECF No. 23-5 at 19.  But "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion" *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  And even if the state and federal standards for analyzing prejudice from improper joinder are the same, "[t]o 'fairly present' his federal claim to the state courts, [the petitioner must] alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Id*. (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)).  Indeed, "[t]he mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id*.  Accordingly, because Green cited only Nevada statutes and Nevada caselaw to support his argument before the Supreme Court of Nevada (*see* ECF No. 23-5 at 19–24), ground 3 is unexhausted.

Because Green's Second-Amended Petition contains both exhausted and unexhausted claims, he has three options going forward: (1) he may submit a sworn declaration voluntarily abandoning ground 3, (2) he may return to state court to exhaust ground 3, in which case his federal habeas petition will be denied without prejudice, or (3) he may file a motion asking to stay ground 2 while he returns to state court to exhaust ground 3. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition). With regard to option 2, I offer no assurances as to the timeliness of any future-filed petition. If Green wishes to exercise option 3 to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust ground 3 and present arguments regarding whether ground 3 is plainly meritless.

## IV.    CONCLUSION

I THEREFORE ORDER that the motion to dismiss **(ECF No. 100) is GRANTED** as follows: (1) ground 1 is dismissed with prejudice as not cognizable under *Stone*, and (2) ground 3 is unexhausted.

I FURTHER ORDER that the motion for reconsideration **(ECF No. 96) is DENIED**.

I FURTHER ORDER that Green has until **May 10, 2024** to inform the court how he wishes to proceed on ground 3 as outlined above. If Green chooses to file a motion for a stay and abeyance or seek other appropriate relief, the respondents may respond according to Local Rule 7-2.

/ / / /

/ / / /

/ / / /

I FURTHER ORDER the Clerk of Court to substitute Nethanjah Breitenbach for Respondent Tim Garrett.

Dated: April 3, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE